## H. A. GRIMWOOD COMPANY *vs.* FRED W. GREENE.

### JUNE 13, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

*(1)   Mechanic's Lien.   Personal credit.*

Where a dealer had a running account with a contractor and delivered materials for use by the contractor which were charged on his general account with the knowledge on the part of the dealer that the materials might be used by the contractor on any one of several different jobs, the credit was given solely to the contractor without reference to the use which was to be made of the
15

materials, and knowledge subsequently acquired by the dealer that some of the materials were used in the construction of the house of the respondent did not entitle him to a lien.

PETITION FOR MECHANIC'S LIEN.  Heard on appeal of petitioner and dismissed.

STEARNS, J.   This is a petition to establish a mechanic's lien for lumber and other materials, furnished by the petitioner to one John G. Wright and by him used in the construction of a dwelling house for the respondent in the city of Newport.

The petitioner, a corporation which is located in Providence, is a dealer in lumber and building materials; Mr. Wright, who was a contractor engaged in business in Newport, had a running account with the petitioner.   This was a general account which contained charges against Wright for sales of materials made prior to the sales in question, which were made in October and November, 1917.

The materials for which the lien is claimed were ordered at different times by Mr. Wright and were delivered by the Grimwood Co. in Providence for transportation to Newport at the dock of the steamboat which runs between Providence and Newport.   The title to the materials passed to Wright upon delivery at the dock in Providence.   The materials in question were charged as usual to Mr. Wright on his general account.   The petitioner knew nothing about the contract between Wright and the respondent, but did know that Wright was engaged on several building jobs in Newport. The agent of the petitioner, who had charge of the credits, orders and deliveries of the company, testified that after the delivery he expected Wright would use the materials whenever he wanted to.   As no part of the general account was paid by Wright, the agent of the petitioner then went to Newport and then for the first time learned that Wright was building a house for the respondent and that some of the materials which had been sold to Wright were by him used in the construction of the house.   The petition for a lien was

then filed in the Superior Court in accordance with the provisions of Chapter 257, General Laws, 1909.

The trial justice held that the petitioner was not entitled to the lien. The court, on the undisputed testimony in the case, also found specifically that petitioner had no knowledge as to what building or buildings its lumber was bought for until after the lumber had been used and placed in the building.

The case is now before this court on the appeal of the petitioner.

We are of the opinion that in the circumstances the petitioner has no lien on the property of the respondent. In its brief the petitioner says it is a question of fact to be determined by the court whether the petitioner furnished the materials solely and absolutely upon the personal credit of the contractor, if it waived its right of lien or if it retained that right to the end. We think that the petitioner in this case never had a lien. The materials were sold upon the personal credit of the contractor. The petitioner did not even know of the existence of the respondent. The materials were delivered in Providence for use by a building contractor in another part of the State, with the knowledge on the part of petitioner that the materials might be used by the contractor on any one of several different jobs. The credit was given solely to the contractor, without reference to the use which was to be made of the materials. The contractor could sell the materials or use them as he saw fit, without any breach of good faith with the petitioner.

In *Gurney* v. *Walsham*, 16 R. I. 698, this court, speaking through DURFEE, C. J., in regard to the Mechanics' Lien Law, which in the revision of 1909 is now found in Chapter 257, Section 1, said: "The lien given by said cap. 177, § 1, as amended, extends to 'the materials used in the construction, erection, or reparation, . . . which have been furnished by any person,' etc. The language seems to us to be unambiguous except as regards the word 'furnished.' The word is not expressly limited, and may be thought to

cover materials furnished to the contractor on general account, as well as materials furnished to him for use in performing his contract, and so used. We think, however, that the word, taken in connection with its context, must receive the more limited interpretation; that is to say, that, for the lien to attach for the benefit of the material man, the materials must not only have been used in 'the construction, erection, or reparation,' but must also have been furnished by him to be used so. The defendant contends that, to give rise to the lien, they must have been furnished on the credit of the owner of the estate sought to be charged. We see nothing to warrant this view. The requirement in the provision above quoted, that the written notice shall be given to the owner, 'if such owner be *not* the purchaser of the materials,' is inconsistent with it. We are of opinion that the petitioners, so far as their materials were furnished to May to be used in the erection of said house on said lot, and were so used by him, are entitled to lien therefor, if, and in so far as, they have taken the proper steps to secure it."

The above statement, in our opinion, is a correct statement of the law and is supported by the decided weight of authority (for a collection of some of the authorities on this point, see 27 Cyc. p. 48 and foot notes and 18 R. C. L. p. 922, § 52 and foot note).

As the decision of the question in regard to the lien claimed is decisive of the case it is unnecessary to consider other minor questions raised in the appeal.

The appeal of the petitioner is dismissed, the decree of the Superior Court appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Max Levy*, for petitioner.

*Sheffield & Harvey*, for respondent. *William P. Sheffield, Jr.*, of counsel.